UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA

    - against -

RYAN LEAKE,

              Defendant.

------------------------------------X

S1 10 Cr. 726-01 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

On May 9, 2011, Ryan Leake ("Leake" or the "Defendant") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846, and one count of conspiracy to produce false identification documents, in violation of 18 U.S.C. § 1028(f). For the reasons set forth below, Leake will be sentenced to 60 months' imprisonment to be followed by 10 years' supervised release. Leake will forfeit to the United States all property involved in the offense or traceable to it. Leake will also be required to pay a special assessment of $100.

## Prior Proceedings

On May 9, 2011, two-count Superseding Information S1 10 CR 726 (RWS) was filed in the Southern District of New York.

Count 1 charges that in 2008, up to and including December 2009, in the Southern District of New York and elsewhere, Leake (aka "Ringo") and others conspired to distribute 1,000 kilograms of marijuana, in violation of 21 USC § 841(b)(1)(A).

Count 2 charges that in 2008, up to an including December 2009, in the Southern District of New York and elsewhere, Leake and others known and unknown, did produce five false identification documents that appear to be driver's licenses to facilitate the commission of a drug trafficking crime, in violation of 18 USC §§ 1028(a)(1), (b)(1) and (b)(3).

On May 9, 2011, Leake appeared before the Honorable Debra C. Freeman in the Southern District and pleaded guilty to Counts 1 and 2.

Leake's sentencing is currently scheduled for December

4, 2012.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range

established for —

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement . . . [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Leake's personal and family history.

**The Offense Conduct**

The following description draws from the PSR. The

4

specific facts of the underlying conduct are adopted as set forth in that report.

As to the offensive conduct in Superseding Information S1 10 CR 726 (RWS), an investigation was conducted by special agents of the DEA and ICE. In December 2009, law enforcement agents conducted an investigation into individuals responsible for the distribution of marijuana in the New York area. Through the course of the investigation, agents learned that several co-conspirators in New York and California, namely David Adams ("Adams"), Brian Evins ("Evins"), Trenton Gary ("Gary"), and Dennis McCabe ("McCabe"), (the "Organization") conspired to ship marijuana in large quantities from California for distribution in New York City. In connection with this investigation, agents have been working with two cooperating witnesses (CW-1 and CW-2).

CW-2 informed law enforcement agents that in the summer of 2008, CW-2 met with members of the Organization in Los Angeles to discuss shipping marijuana from California to New York. CW-2 picked up a vehicle from Leake at a McDonald's parking lot in Los Angeles, CA, at approximately 11 p.m that night. The vehicle contained multiple duffel bags of marijuana.

CW-2 drove the vehicle to the workshop of an individual (Individual-1), who is a carpenter, so that Individual-1 could build a crate to be used for shipping the marijuana to New York.

The following day, CW-2 introduced Individual-1 to Leake, and instructed them to continue to work together to package marijuana to prepare its shipping from California to New York. Based on conversations with Adams, CW-2 understood that the Organization's marijuana that was to be sent to New York was packaged by Leake and then would be transported to Individual-1 to be put in a crate and subsequently shipped to New York.

According to CW-1, in September 2009, CW-1 was introduced by Adams to Leake, at a large home in Los Angeles that CW-1 observed as being a location that marijuana was packaged.

From 2008 to December 2009, Leake created at least five fraudulent drivers license's that was used by co-conspirators to get mailboxes of various individuals for the transport of money to pay for marijuana.

On May 26, 2010, Leake was arrested in Los Angeles,

California. Leake's role in the conspiracy had been to package, store and transport large quantities of marijuana that would be shipped from California to New York. Leake conspired to possess with intent to distribute approximately 1,000 kilograms of marijuana.

On December 2, 2009, Adams, Evins, Gary, and McCabe were arrested in New York, NY. Adams, the leader of this narcotics conspiracy, conspired to distribute and possess with intent to distribute between 3,000 kilograms and 10,000 kilograms of marijuana. McCabe coordinated the shipments of large quantities of marijuana from California to New York, and he delivered the marijuana to Adams once it arrived in New York. McCabe conspired to distribute and possess with intent to distribute between 1,000 kilograms and 3,000 kilograms of marijuana.

Evins and Gary assisted Adams with the deliveries of marijuana to others, and they also sold marijuana. Evins conspired to distribute and possess with intent to distribute between 1,000 kilograms and 3,000 kilograms of marijuana. Gary conspired to distribute and possess with intent to distribute between 400 and 700 kilograms of marijuana.

**The Relevant Statutory Provisions**

For Count 1, the mandatory minimum of imprisonment is a minimum term of imprisonment is 20 years, and the maximum term of imprisonment is life, pursuant to 21 U.S.C. §§ 841(b)(1)(A), 846 and 851. For Count 2, The maximum term of imprisonment is 20 years, pursuant to 18 U.S.C. § 1028(B)(3).

For Count 1, if a sentence of imprisonment is imposed, pursuant to 21 U.S.C. §§ 841 (b)(1)(A), 846 and 851, the Court must impose a term of supervised release of at least 10 years years. For Count 2, if a sentence of imprisonment is imposed, pursuant to 18 U.S.C. § 3583(b)(2), the Court may impose a term of supervised release of not more than three years.

For Count 1, the Defendant is not eligible for probation because the instant offense requires mandatory terms of imprisonment, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 846. For Count 2, the Defendant is not eligible for probation because he is being sentenced at the same time to a term of imprisonment on a different count or case, pursuant to 18 U.S.C. § 3561(a)(3).

For Count 1, the maximum fine is $8,000,000, pursuant to 21 U.S.C. §§ 841(b)(1)(A), 846 and 851. For Count 2, the maximum fine is $250,000, pursuant to 18 U.S.C. § 3571. Superseding Information S1 10 CR 726 (RWS) has a total of two counts. A special assessment of $100 per count, for a total of $200, is mandatory, pursuant to 18 U.S.C. § 3013.

Pursuant to 21 U.S.C. § 862(b)(1)(B) upon a second or subsequent conviction for possession of a controlled substance, a defendant may be declared ineligible for any or all Federal benefits for up to five years as determined by the Court. In addition, the Court may require the defendant to participate and complete an approved drug treatment program which includes periodic drug testing, or to perform appropriate community service.

As a result of committing the offenses alleged in Counts 1 and 2 of Superseding Information S1 10 CR 726 (RWS) the Defendant shall forfeit to the U.S., pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the violations set forth in Counts 1

9

and 2 of this Information.

**The Guidelines**

The November 1, 2011 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to § 1B1.11(a). The Court finds the following with respect to Defendant's applicable offense level, criminal history, recognition of responsibility, and term of imprisonment:

For Superseding Information S1 10 CR 726 (RWS): Count 1 charges the Defendant with conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(b)(1)(A); Count 2 charges conspiracy to produce false identification documents in violation of 18 U.S.C. §§ 1028(a)(1), (b)(1) and (b)(3). Pursuant to § 2D1.1(c)(4), the base offense level is the level from the guideline for the substantive offense, plus any adjustment from such guideline for any intended offense conduct that can be established with reasonable certainty.

The guideline for a violation of 21 U.S.C. § 846 is

found in §2D1.1. The base offense level is 32 pursuant to §2D1.1(c)(4).

Based on his plea allocution, the Defendant has shown recognition of responsibility for the offense. Because of the Defendant's timely notification of his intention to plead guilty, thus allowing the Government to allocate its resources more efficiently, and because the aforementioned base offense level is 16 or greater, pursuant to Section 3E1.1(a) and (b), the offense is reduced three levels.

Accordingly, the applicable offense level is 29.

On September 8, 2009, the Defendant was convicted of one count of possession of narcotics/ controlled substance and one count of driving under the influence of alcohol/ drugs in Municipal Court Metro Los Angeles, California. On November 10, 2009, the Defendant was sentenced to 3 years probation. Pursuant to §§ 4A1.1(c) and 4A1.2(e)(2), this conviction warrants one criminal history point.

At the time the instant offense was committed, the defendant was on probation. Pursuant to Section 4A1.1(d), two

11

points were added. The total of the criminal history points is three. According to the sentencing table at Chapter 5, Part A, three criminal history points establish a Criminal History Category of II.

Based on a total offense level of 29 and a Criminal History Category of II, the Guidelines range for imprisonment is 97 to 121 months. However, the mandatory minimum term of imprisonment as prescribed by statute is 240 months. As such, the guideline range of imprisonment becomes 240 months, pursuant to § 5G1.1(c)(2).

The Guideline range for a term of supervised release for Counts 1 and 2 is at least 10 years, the minimum required by statute, pursuant to § 5D1.2(a).

The Defendant is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute, pursuant to §5B1.1(b)(2).

The fine range for the instant offense is from $15,000 to $ 8,000,000, pursuant to § 5E1.2(c)(3)(A) and (c)(4). Subject to the defendant's ability to pay, in imposing a fine,

12

the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release pursuant to §5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $2,407.78 to be used for imprisonment, a monthly cost of $286.11 for supervision, and a monthly cost of $2,180.27 for community confinement.

Pursuant to §5F1.6, the Court may deny eligibility for certain Federal benefits of any individual convicted of distribution or possession of a controlled substance.

Pursuant to Rule 32.2, "[t]he Court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The Court must also include the forfeiture order, directly or by reference, in the judgment."

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not

greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103.

In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a) and the Defendant's cooperation with the Government, it is determined that a sentence, pursuant to the § 5K1.1 is warranted in the instant case.

**The Sentence**

For the instant offense, pursuant to §5K1.1, Leake will be sentenced to 60 months' imprisonment on Counts 1 and 2 to run concurrently.

A special assessment of $200, $100 for each count, payable to the United States, is mandatory and shall be due immediately. The term of imprisonment will be followed by a 10 year term of supervised release.

Because the Defendant has no assets, no fine is imposed.

As mandatory conditions of his supervised release, Leake shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended due to imposition of a special condition requiring drug treatment and testing.

Furthermore, the standard conditions of supervision (1-13), set forth in the judgment, shall be imposed with the additional special conditions:

(1) Defendant will participate in a program approved by the United States Probation Office, which program may include testing to determine whether the defendant has reverted to using drugs or alcohol. The Court authorizes the release of available drug treatment evaluations and reports to the substance abuse treatment provider, as approved by the Probation Officer. The Defendant will be required to contribute to the costs of

services rendered (co-payment), in an amount determined by the probation officer, based on ability to pay or availability of the third-party payment.

(2) Defendant shall submit his person, residence, place of business, vehicle, or any other premises under his control to a search on the basis that the probation officer has reasonable belief that contraband or evidence of a violation of the conditions of the release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

The Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

Pursuant to the Violent Crime Control and Law Enforcement Act of 1994, for offenses committed after September 13, 1994, the court shall require that all offenders on probation, parole, or supervised release submit to one drug test within fifteen days of commencement of probation, parole or supervised release and at least two drug tests thereafter for

use of a controlled substance, unless ameliorated or suspended by the court due to its determination that the defendant poses a low risk of future substance abuse as provided in 18 U.S.C. §§ 3563 (a)(5) / 3583 (d).

The Defendant shall forfeit the Defendant's interest in property to the United States in any property as determined by the Government.

The terms of this sentence are subject to modification at the sentencing hearing scheduled for December 4, 2012.

It is so ordered.

**New York, NY**
**November 28, 2012**

ROBERT W. SWEET
U.S.D.J.